IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JIMMY UPTON,<br><br>  Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE, Commissioner<br>of Social Security Administration,<br><br>  Defendant. | No. CIV-10-538-W |

## ORDER

On March 2, 2011, United States Magistrate Judge Valerie K. Couch issued a Report and Recommendation in this matter and recommended that the decision of Michael J. Astrue, Commissioner of the Social Security Administration ("Commissioner"), denying the Application for Supplemental Security Income filed by plaintiff Jimmy Upton be reversed. Magistrate Judge Couch further recommended that this matter be remanded to the Commissioner for additional administrative proceedings. The parties were advised of their right to object to Magistrate Judge Couch's Report and Recommendation, but neither party has objected within the allotted time.

Upon review of the record, the Court concurs with Magistrate Judge Couch's finding that remand of this matter is warranted because the evidence on which the Administrative Law Judge ("ALJ") relied to determine that Upton abused the prescription medication Klonopin is at best speculative and does not constitute medical evidence that Upton abused this drug or any other substance. The ALJ's subsequent finding that Upton's "substance use disorders is a contributing factor material to the determination of disability," Administrative Record at 18, is therefore not supported by substantial evidence. E.g., 20

C.F.R. § 416.935.

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 14] issued on March 2, 2011;

(2) REVERSES the Commissioner's decision denying Upton's Application for Supplemental Security Income;

(3) REMANDS this matter to the Commissioner pursuant to sentence four of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), for further administrative proceedings in accordance with this Order and Magistrate Judge Couch's Report and Recommendation;[1]

(4) DIRECTS the ALJ in particular upon remand

(a) to identify the medical evidence of substance abuse as well as the nature of the substance being abused;

(b) to determine if there is substantial medical evidence of substance abuse and if so, to further determine whether substance abuse is a contributing factor material to the determination of disability; and

(c) in doing so, to follow the analysis as set forth in the

---

[1] Magistrate Judge Couch rejected Upton's claim that the ALJ had disregarded the opinion of his treating physician, Haisam Al-Khouri, M.D. Magistrate Judge Couch noted that Dr. Al-Khouri's report dated February 14, 2008, was not included in the administrative record and thus, could not be considered. She urged the parties, "[t]o the extent the opinion of Dr. . . . Al-Khouri is material to the disability determination, on remand, . . . [to] consider making Dr. Al-Khouri's opinion part of the record so that the Commissioner may properly consider it in making the disability determination." Doc. 14 at 16 n.7.

Commissioner's teletype,[2] which addresses those "situations where a claimant has one or more other mental impairments in addition to [drug or alcohol addiction]," Salazar v. Barnhart, 468 F.3d 615, 523 (10th Cir. 2006); and

(5) ORDERS that judgment pursuant to this Order issue forthwith.

ENTERED this 28th day of March, 2011.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

---

[2]Congress enacted the Contract with America Advancement Act, Pub. L. 104-121, 110 Stat. 847, on March 29, 1996, and added an extra step to the five-step sequential evaluation for Social Security claimants with a drug or alcohol addiction. Shortly thereafter, the Commissioner issued a teletype to administrative law judges with instructions on applying the new law. E.g., Salazar v. Barnhart, 468 F.3d 615 (10th Cir. 2006).